UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE WOODS,

    Petitioner,                                               Case No. 5:08-CV-14637

v.                                                             District Judge John Corbett O'Meara

TIMOTHY BELL, Warden,

    Respondent.
_____/

## **ORDER DENYING PETITIONER'S WRIT OF HABEAS CORPUS**

Petitioner, a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court convictions and sentences for armed robbery, carrying a concealed weapon in a motor vehicle, and possession of a firearm during the commission of a felony. For the reasons set forth below, the petition will be denied.

### I.     PROCEDURAL HISTORY

Petitioner is serving concurrent sentences of 51 months to 15 years for the armed robbery conviction and one to five years for the CCW conviction, to be served consecutive to a two-year term for the felony-firearm conviction.

Petitioner appealed as of right to the Michigan Court of Appeals, which affirmed his convictions and sentences on March 6, 2007, in an unpublished opinion. On October 31, 2007, the Michigan Supreme Court denied his timely application for leave to appeal. On November 2, 2008, Petitioner filed the present petition challenging his conviction on the following grounds:[1]

---

[1] The issues presented in this petition have been fully exhausted in the Michigan state courts as required by 28 U.S.C. § 2254(b)(1)(A).

1. Prosecutor's use of peremptory challenges was purposeful discrimination and denied Petitioner a fair and impartial jury.

2. The great weight of the evidence was insufficient to convict Petitioner of armed robbery.

3. The trial court violated Rule 404(b) of the Michigan Rules of Evidence by the introduction of evidence regarding Petitioner's intimidation of witnesses.

4. The trial court abused its discretion when it denied Petitioner's motion for a new trial without conducting an evidentiary hearing based on defense counsel's statements that indicated Petitioner did not commit the armed robbery.

## II. FACTS

### A. Trial Facts

The charges in this case arose out of an incident in which Steven Ray was robbed at gunpoint early in the morning of October 21, 2004, in the lobby of an apartment building in the City of Detroit.

Ray testified at trial that he let Petitioner and Harold Woods into the locked apartment building after Harold inquired about someone he did not know. Harold and Petitioner then pointed guns at him and robbed him, taking his wallet, phone, and ten dollars in cash. They left by way of the front door. Ray exited after them and spoke with Rufus Simpson about a van leaving the area. Ray chased the van on foot until joining Simpson and a woman in a vehicle to follow the van. When the vehicle pulled up next to a Wayne State Police officer patrol car, Ray reported the robbery to the officer. The officer then stopped the van at a gas station. Petitioner, Harold Woods, and another man occupied the van. Ray's property was recovered from the van. Two guns were found behind a board located in the backseat.

Ray did not identify Petitioner at the preliminary examination but later testified that he had not done so because he had been contacted by Petitioner, who attempted to intimidate him

and prevent him from testifying against him.

During jury selection, defense counsel challenged the prosecutor's use of peremptory challenges of some African-American jurors on the basis that they were discriminatory. The trial court found that they were not. Petitioner relies on two juror dismissals in his Batson appeal, that of Scottie Nieves and Leo Mays. The prosecutor explained that she dismissed Nieves because Nieves expressed the belief that her daughter, recently convicted of murder, had not been treated fairly by the justice system. The prosecutor explained that she dismissed Mays because he was employed as a highway inspector and therefore was an engineering type whom she did not like on the jury. The prosecutor also immediately dismissed Edward Peterson, who revealed only that he was an engineer, his wife was an accountant, he had never been on a jury before, and he believed he could be fair. Defense counsel dismissed juror Dennis Brown, who was employed in the engineering field as a computer systems programmer. It appears from the trial record that after the prosecutor challenged another prospective juror, the court immediately asked defense counsel if he wanted to make any challenges. Defense counsel then challenged three jurors, including Brown.

At the close of the prosecutor's case, the counsel for Petitioner informed the court that he had obtained information that the co-defendant had made a statement incriminating himself and exonerating the Petitioner. Counsel suggested that he withdraw from the case and testify on behalf of the defendant since he could not force the co-defendant to testify. The court dismissed this assertion.

The facts recited in People v. Woods, No. 133296, 2007 WL 2684010 (Mich. Ct. App. Sept. 13, 2007), affirming Petitioner's conviction, are entitled to a presumption of correctness under § 2254(e)(1). See Schiro v. Landrigan, 550 U.S. 465 (2007) (holding that factual

3

determinations by state courts are presumed correct and may be rebutted only by clear and convincing evidence).

### III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 governs habeas corpus review by federal courts of state court decisions. Specifically, 28 U.S.C. § 2254(d) requires:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of that claim—
>
> 1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412 (2000), the United States Supreme Court articulated the standard of review under § 2254(d), holding that a federal court must find a violation of law "clearly established" by holdings, as opposed to dicta, of the Supreme Court. Clearly established law is defined by the Supreme Court as "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). The Court in Williams further held that a state court decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Additionally, the Court in Williams held that the "unreasonable application" clause requires an objective test of reasonableness and that

> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11. Finally, the United States Court of Appeals for the Sixth Circuit held in Harris v. Stovall, 212 F.3d 940 (6th. Cir. 2000), that it would rely solely on the Williams standard for analysis under § 2254(d).

## IV. ANALYSIS

Petitioner claims that he is entitled to habeas relief because he was denied a fair and impartial jury, alleging that the prosecutor's race-neutral reasons for dismissing two African American jurors were insufficient to avoid a finding of purposeful discrimination. This court disagrees.

In Batson v. Kentucky, 476 U.S. 79 (1986), the Supreme Court ruled that the Equal Protection Clause forbids prosecutors from using peremptory challenges to exclude a prospective juror on the basis of race. In Batson, the Supreme Court outlined a three-part test for evaluating claims that a prosecutor used peremptory challenges in a manner violating the Equal Protection Clause. Hernandez v. New York, 500 U.S. 352, 358 (1991). "First, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race." Id. Second, if a defendant succeeds in making that prima facie showing, "the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question." Id. at 358-59. The reason given for the peremptory challenge will be deemed race-neutral unless a discriminatory intent is inherent in the prosecutor's explanation. Id. at 768. Third, the challenging party must "demonstrate that the purported explanation is merely a pretext for a

racial motivation." McCurdy v. Montgomery County, Ohio, 240 F. 3d 512, 521 (6th Cir. 2001). Then "the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination." Hernandez, 500 U.S. at 359. The state court's finding of the absence of discriminatory intent is "a pure issue of fact" accorded significant deference." Miller-El v. Cockrell, 537 U.S. 322, 339 (2003).

This court will presume that petitioner made a prima facie case of discrimination under Batson because the prosecutor offered race-neutral explanations for exercising peremptory challenges of African-American jurors, and the trial court ruled on the ultimate issue of whether the prosecutor intended to exclude the jurors based on race. In this case, the prosecutor presented credible race-neutral reasons for the peremptory challenges of Scottie Nieves, an African-American female, and Leo Mays, an African-American male. The prosecutor's proffered reason for challenging Nieves was that she expressed the belief that her daughter, convicted of murder, had not been treated fairly by the justice system. Given Nieves's doubts about the justice system, the trial court did not clearly err in finding that the dismissal of Nieves was not a pretext for purposeful discrimination.

The reason for challenging Mays was that he was employed as a highway inspector and was therefore an engineering type whom the prosecutor did not like on the jury. Occupation is a permissible basis for defending a Batson challenge. See Hall v Luebbers, 341 F.3d 706, 713 (8th Cir. 2003). The prosecutor's immediate dismissal of juror Edward Peterson, who revealed he was an engineer, his wife was an accountant, he had never been on a jury before, and he believed he could be fair, supports the prosecutor's race-neutral reason for excusing Mays. The fact that another prospective juror, Dennis Brown, who was a computer systems programmer and therefore in the engineering field, was excused by defense counsel and not by the prosecutor

6

does not indicate that the prosecutor was discriminating on the basis of race. It appears from the trial record that after the prosecutor challenged another prospective juror, the court immediately asked defense counsel if he wanted to make any challenges. Defense counsel then challenged three jurors, including Brown. Because the trial court and appeals court did not clearly err in finding that the prosecutor did not use occupation as a pretext for purposeful discrimination based on race, this court will uphold its decision to reject the Batson challenge.

Petitioner claims that he is entitled to habeas relief because the verdict was against the great weight of the evidence. However, a federal habeas court does not have the power to grant habeas relief on this basis. See Dell v. Straub, 194 F. Supp. 2d 629 (E.D. Mich. 2002); Cukaj v. Warren, 305 F. Supp. 2d 789 (E.D. Mich. 2004). This is because a great weight of the evidence claim "is not of constitutional dimension, for habeas corpus purposes, unless the record is so devoid of evidentiary support that a due process issue is raised." Dell, 194 F. Supp. 2d at 648. Thus, the proper inquiry for habeas relief is whether there is any evidence to support the conviction. Id.

Construing Petitioner's claim as one challenging the sufficiency of the evidence, it still fails. A federal court's review of a sufficiency of the evidence claim is governed by the Supreme Court's holding in Jackson v. Virginia, 443 U.S. 307, 319 (1979), requiring a federal court to inquire "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." The prosecutor does not have an affirmative duty to rule out every hypothesis except that of guilt. Id. at 326. Additionally, it is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. Id. at 318-19. It is not for this court to redetermine the credibility of the witnesses who have been observed by the finder of

fact. Marshall v. Lonberger, 459 U.S. 422, 434 (1983). In this review, the federal court must determine whether the state court's application of the Jackson standard was reasonable. Malcum v. Burt, 276 F.Supp.2d. 664, 683 (E.D. Mich. 2003).

The state court's application of the Jackson standard was reasonable in the instant case. The Michigan Court of Appeals, in upholding Petitioner's conviction, held that the prosecution's witness's testimony was sufficient to sustain Petitioner's conviction for armed robbery. People v. Woods, No.262939, 2007 Mich. App. LEXIS 625 (Mich. Ct. App. Mar. 6, 2007). Stevie Ray testified at trial that Petitioner and Woods pointed guns at him and robbed him, taking his wallet, phone, and ten dollars in cash. They were later stopped in a van and found with these items and guns. Petitioner questions the credibility of the witness because at a preliminary examination, Ray did not identify Petitioner. Ray said at trial that he did not identify Petitioner at the preliminary examination because he had been contacted by Petitioner who attempted to intimidate him and prevent him from testifying against him. This court will not redetermine Ray's credibility. Taken in the light most favorable to the prosecution, the prosecution's witness's testimony did support that the Petitioner, engaging in larceny, had possessed a dangerous weapon. Based on the testimony presented at trial, a rational trier of fact could find that Petitioner committed each of the essential elements of this crime. Therefore, Petitioner's sufficiency of the evidence claim fails.

This court finds that the Petitioner is not entitled to habeas relief on his claim that the prosecutor violated Rule 404(b) of the Michigan Rules of Evidence by the introduction of evidence regarding his intimidation of witnesses or on his claim that the evidence violated his right to be convicted only after indictment.

Alleged trial court errors in the application of state evidentiary law are generally not cognizable grounds for federal habeas relief. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (U.S. 1991) (citing 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19 (1975) (per curiam)). The Sixth Circuit found in Bugh v. Mitchell, 329 F. 3d 496, 512 (6th Cir. 2003), that "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." Because this claim is not cognizable, Petitioner is not entitled to relief.

Petitioner contends that he is entitled to habeas relief on the grounds that the trial court denied his motion for a new trial without conducting an evidentiary hearing based on defense counsel's statements that indicated Petitioner did not commit the armed robbery. Petitioner relies heavily on state court cases, but it is not this court's position to determine state law. Those federal cases which Petitioner relies upon are not on point. There is no showing that evidence was suppressed by the prosecutor, nor has there been a showing that the testimony presented by the prosecution's witness was perjured. Additionally, this is not a direct appeal involving new evidence discovered after trial. Therefore, this court finds that Petitioner is not entitled to habeas relief, as he has not stated a basis upon which habeas relief may be granted.

**ORDER**

It is hereby **ORDERED** that the petition for writ of habeas corpus is **DENIED**.

Date: November 3, 2010                            s/John Corbett O'Meara
                                                  United States District Judge

 

 I hereby certify that on November 3, 2010, a copy of this order was served upon counsel of record using the ECF system.

                                                  s/William Barkholz
                                                  Case Manager